USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 9 2011

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DEVIN KEITT,                                           :

                              Plaintiff,               :

                    -v-                                :          MEMORANDUM DECISION
                                                                  AND ORDER
NEW YORK CITY, ET AL.,                                 :          09 Civ. 8508 (GBD)(DF)

                              Defendants.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GEORGE B. DANIELS, District Judge:

Pro se plaintiff Devin Keitt ("Keitt") brings this action alleging claims under the

Individuals with Disabilities in Education Act ("IDEA"), 42 U.S.C. §§ 1400 *et seq.*, Title II of

the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the Rehabilitation

Act, 29 U.S.C. 794 *et seq.*, the Equal Education Opportunities Act ("EEOA"), 20 U.S.C. §§ 1701

*et seq.*, 42 U.S.C. § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights,

and 42 U.S.C. §§ 1981, 1985, 1986. Keitt alleges these claims against the City of New York, the

Department of Correction ("DOC"), the Department of Education ("DOE"), the Department of

Juvenile Justice ("DJJ"), Mayor Bloomberg ("Bloomberg"), and Dora Schriro, the

Commissioner of the DOC ("Schriro") (collectively, the "City Defendants"), as well as the State

of New York, the Department of Correctional Services ("DOCS"), the State Education

Department ("SED"), Brian Fischer, Commissioner of DOCS, ("Fischer"), Mark Bradt, former

Superintendent of Elmira Correctional Facility ("Bradt")[1], and employees of Elmira Correctional

Facility Douglas Reynolds ("Reynolds"), B. Fusco ("Fusco"), V. Livermore ("Livermore"), and

T. Lepowski ("Lepowski") (collectively, the "State Defendants").

_____

[1] Bradt is now Superintendent of Attica.

Keitt alleges that the defendants failed to accommodate his dyslexia in the public school system through 1998, and in education programs offered in (1) juvenile detention facilities from 1995-97, (2) Rikers Island facilities operated by DOC beginning in 1998, and (3) various state facilities operated by DOCS. He also alleges that the defendants failed to accommodate his dyslexia in disciplinary proceedings and retaliated against him for filing grievances regarding alleged failures to accommodate his dyslexia in both educational programs and disciplinary proceedings during his detention at the Elmira Correctional Facility ("Elmira") in Chemung County, New York. Finally, Keitt challenges Elmira's policy that requires prisoners who have not obtained a high school diploma or its equivalency to attend adult basic education programs or else forfeit their ability to participate in other programming. Keitt seeks compensatory and punitive damages, as well as injunctive relief.

Both the City and State Defendants moved to dismiss Keitt's IDEA, EEOA, ADA, Rehabilitation Act and Section 1983 claims. The City Defendants also moved to dismiss Keitt's claims under Sections 1981, 1985, and 1986. The State Defendants moved to sever the remaining claims arising at Elmira and to transfer those claims to the Western District of New York. Keitt opposed the motions to dismiss, sever, and transfer, and brings a motion for leave to file a Second Amended Complaint. All defendants oppose the motion to amend.

This Court referred the matter to Magistrate Judge Debra Freeman for her Report and Recommendation ("Report"). Magistrate Judge Freeman recommended that this Court (1) dismiss all claims against the City Defendants; (2) dismiss all claims against the State Defendants under the EEOA, the IDEA, and 42 U.S.C. § 1981; (3) dismiss all claims against the State Defendants under 42 U.S.C. §§ 1983, 1985, and 1986, the ADA, and the Rehabilitation Act

which arose prior to Keitt's incarceration at Elmira in 2006; (4) deny dismissal of Keitt's Section

1983, 1985, and 1986 claims for damages arising out of his incarceration at Elmira against the

individual State Defendants, in their personal capacities, but dismiss as moot his claim for

injunctive relief, without prejudice to Keitt reasserting that claim if he is granted leave to plead

claims arising out of his current incarceration at Attica; (5) deny dismissal of Keitt's ADA and

Rehabilitation Act claims arising out of his incarceration at Elmira, to the extent he seeks

compensatory but not punitive damages, against the State of New York and DOCS, as well as the

individual State Defendants in their official capacities, but dismiss as moot his request for

injunctive relief, without prejudice to Keitt reasserting those claims, if he is granted leave to

plead claims arising out of his current incarceration at Attica; (6) deny the State Defendants'

motion to sever the claims arising at Elmira as moot; (7) grant the State Defendants' motion to

transfer the remaining claims to the Western District of New York; and (8) deny Keitt's motion

for leave to file a Second Amended Complaint without prejudice to renew in the Western District

of New York.

The Court may accept, reject or modify, in whole or in part, the findings and

recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections

to the Report, the Court must make a *de novo* determination of those portions of the Report to

which objections are made. Id.; see also Rivera v. Barnhart, 432 F.Supp. 2d 271, 273 (S.D.N.Y.

2006). The district judge may also receive further evidence or recommit the matter to the

magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not

required, however, that the Court conduct a *de novo* hearing on the matter. See United States v.

Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own,

independent conclusions" regarding those portions to which objections were made. Nelson v.

Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.1983)).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record."  Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y.2005) (citation omitted).  In her report, Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The State Defendants filed an objection to Magistrate Judge Freeman's recommendation to deny defendant Fischer's motion to dismiss.  They argue that Keitt did not adequately plead that Fischer was personally involved in any violation of Keitt's constitutional rights.  This Court considered the Report in light of the objection and finds the objection to be without merit.  As to those recommendations to which no objection was made, there is no clear error on the face of the record.  The Report is adopted in its entirety.

### I.      EEOA Claims

Magistrate Judge Freeman properly concluded that Keitt failed to state a claim under the EEOA because he only alleged that he was denied educational opportunities because of his dyslexia and not because of his race, color, sex, or national origin.

### II.     IDEA Claims

Magistrate Judge Freeman properly concluded that Keitt's IDEA claims are time-barred. Keitt's IDEA claims accrued at the latest when he reached the age of 21 in 2002.  Because Keitt has not alleged any basis for tolling the three year statute of limitations, Keitt's IDEA claims would be untimely after 2005.

### III.   Section 1981 Claims

Magistrate Judge Freeman properly concluded that Keitt failed to state a claim under section 1981.   To state a claim under Section 1981, a plaintiff must allege that (1) plaintiff is a member of a racial minority; (2) defendant intended to discriminate on the basis of race; and (3) the discrimination concerned the rights to "make and enforce contracts, to sue, be parties, give evidence, and the full and equal benefits of all laws and equal benefit of all laws and proceedings for the security of persons and property." See Brown v. City of Oneonta, New York, 221 F.3d 329, 339 (2d Cir. 2000).   Keitt has failed to allege discrimination on the basis of race and with respect to the making of a contract or any of the other enumerated activities under the statute.

### IV.   Section 1983, 1985 and 1986 Claims

#### A.  Claims Arising Before Keitt's Incarceration at Elmira

Magistrate Judge Freeman properly concluded that Keitt's Section 1983, 1985, and 1986 claims arising out of his time in the public school through 1998, in juvenile detention facilities from 1995-97, in DOCS incarceration from September 2, 2000 to September 10, 2003, or in Rikers Island prior to April 20, 2006 are time-barred.   The statute of limitations for Section 1983 and 1985 claims is three years.   See Paige v. Police Dept. of Schenectady, 264 F.3d 197, 199 n.2 (2d Cir. 2001).   The statute of limitations for Section 1986 claims is one year.   See id.   As Keitt did not commence this action until June 2009 and did not allege facts sufficient to toll the statute of limitations of those claims, Keitt's claims for the time periods addressed above are untimely.

#### B.  Claims Arising During Keitt's Incarceration at Elmira

##### 1.  Claims Against Fischer

Magistrate Judge Freeman properly concluded that the State Defendants' motion to dismiss Keitt's Section 1983, 1985, and 1986 claims against Fischer should be denied.

5

A supervisory official may be deemed to have personal involvement where he failed to remedy a constitutional wrong after learning of a violation through a report or appeal. <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995). Courts in the Southern District have found that personal involvement is sufficiently pled where the grievant "alleges an ongoing constitutional violation such that the supervisory official who reviews the grievance can remedy it directly." <u>See Burton v. Lynch</u>, 664 F. Supp. 2d 349, 360 (S.D.N.Y. 2009) (quoting <u>Vega v. Artus</u>, 610 F. Supp. 2d 185, 198 (N.D.N.Y. 2009)); <u>Braxton v. Nichols</u>, No. 08 Civ. 8568, 2010 WL 1001001 at *9 (S.D.N.Y. Mar. 18, 2010).

Keitt alleges that (1) he repeatedly gave Fischer complete details of the failures at Elmira to accommodate Keitt's disability; (2) Fischer had "full knowledge" of the refusal to accommodate from both grievances and disciplinary appeals; (3) Fischer has upheld every decision denying plaintiff accommodation; and (4) Fischer failed to take action to remedy the ongoing violation.[2] Thus, Keitt sufficiently pled that Fischer was personally involved in the alleged ongoing violation of Keitt's constitutional rights.

### 2. Claims Against the Remaining State Defendants

Magistrate Judge Freeman properly concluded that Keitt's Section 1983, 1985, and 1986 claims against the State of New York and its agencies are barred by the 11th Amendment. Here, where there has been no waiver of immunity by the state or abrogation of immunity by Congress, the 11th Amendment bars suit against a state and its agencies in federal court. <u>Huang v. Johnson</u>, 252 F.3d 65, 69-70 (2d Cir. 2001). Magistrate Judge Freeman also properly concluded that Keitt's claims for damages against the individual State Defendants in their

---

[2] While the Court generally may not look outside the pleadings when reviewing a 12(b)(6) motion to dismiss, the requirement that a *pro se* plaintiff's allegations be construed liberally makes it appropriate for the Court to consider factual allegations made in the plaintiff's opposition memorandum, as long as they are consistent with the complaint. <u>Gill v. Mooney</u>, 824 F.2d 192, 194-95 (2d Cir. 1987).

official capacities are barred by the 11th Amendment.  When a state official is sued for damages in his official capacity, the suit is deemed to be one against the state.  Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993).

Magistrate Judge Freeman properly concluded that Keitt's Section 1983, 1985, and 1986 claims be permitted to proceed to the extent Keitt is seeking damages, including punitive damages, from defendants Fischer, Fusco, Bradt, Livermore, and Lepowski, in their personal capacities.  The 11th Amendment does not bar actions for damages against state officials in their personal capacities.  Id.  Keitt's transfer to Attica does not moot his action for monetary damages for harm allegedly suffered during his prior incarceration at Elmira.  In addition, Keitt has alleged "conscious wrongdoing" or "callous indifference" as to at least some of the individual defendants, as required for punitive damages.

Magistrate Judge Freeman properly concluded that Keitt's claims for injunctive relief against defendants Livermore and Lepowski be dismissed as moot.  Because Keitt is no longer at Elmira, where Livermore and Lepowski are employed, "the relief can no longer be given [and] is no longer needed."  Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983).

Magistrate Judge Freeman properly concluded that Keitt's claim for injunctive relief against Bradt be dismissed sua sponte as moot, without prejudice to Keitt's reasserting such a claim with regard to his present treatment at Attica, should Keitt be granted leave to amend his pleading to include claims arising from his current incarceration there.  Because Keitt's claims for injunctive relief are based upon Bradt's conduct at Elmira, that relief is currently no longer available or necessary.

## V.    ADA and Rehabilitation Act Claims

### A.  Claims Arising Before Keitt's Incarceration at Elmira

Magistrate Judge Freeman properly concluded that Keitt's claims under the ADA and Rehabilitation Act arising out of his time in the public school through 1998, in juvenile detention facilities from 1995-97, in DOCS incarceration from September 2, 2000 to September 10, 2003, or in Rikers Island prior to April 20, 2006 are time-barred.  The statute of limitations on these claims is three years.  As Keitt did not allege facts sufficient to toll the statute of limitations for any of these claims, and did not file his Complaint until June 22, 2009, Keitt's ADA and Rehabilitation Claims for the time period addressed above are untimely.

### A.  Claims Arising During Keitt's Incarceration at Elmira

Magistrate Judge Freeman properly concluded that Keitt's ADA and Rehabilitation Act claims related to his incarceration at Elmira against the State of New York, DOCS, as well as Fischer,[3] Bradt, Reynolds, Fusco, Livermore, and Lepowski in their official capacities be permitted to proceed, but only to the extent Keitt seeks compensatory damages and not punitive damages.  Keitt has sufficiently alleged that at least some of the accommodations he sought at Elmira would allow him to overcome obstacles to his meaningful participation in existing programs and existing educational services, without fundamentally altering the programs.  Keitt also has alleged sufficient discriminatory animus against him on account of his alleged disability by the State Defendants in their official capacities to state a claim for a Title II violation which is not barred by the 11th Amendment.  See Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98 (2d Cir. 2001).  Keitt's Rehabilitation Act claims are not barred by the 11th Amendment because New York has waived sovereign immunity with respect to those

---

[3] For the reasons discussed with respect to Keitt's §§ 1983, 1985, and 1986 claims, Keitt has sufficiently alleged Fischer's "personal involvement" to support a claim under the ADA and Rehabilitation Act.

claims. See Degrafinreid v. Ricks, 417 F. Supp. 2d 403, 414 (S.D.N.Y. 2006). However, punitive damages "may not be brought under § 202 of the ADA and § 504 of the Rehabilitation Act," and thus are improper. Barnes v. Gorman, 536 U.S. 181, 190 (2002).

Magistrate Judge Freeman properly concluded that Keitt's claims under the ADA and Rehabilitation Act against the State Defendants in their individual capacities must be dismissed. Individuals in their personal capacities are not proper defendants on claims brought under the ADA or the Rehabilitation Act. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

Magistrate Judge Freeman properly concluded that Keitt's claims for injunctive relief under the ADA and Rehabilitation Act against Lepkowski and Livermore be dismissed as moot because Keitt is no longer housed at Elmira. Magistrate Judge Freeman also properly determined that Keitt's claims for injunctive relief against Bradt be dismissed *sua sponte* as moot without prejudice to Keitt's reassertion of such claims, should he be granted leave to plead claims arising out of his current incarceration at Attica. As currently pled, Keitt's claims against Bradt and requests for injunctive relief similarly only concern Keitt's incarceration at Elmira.

## VI.    State Defendants' Motion to Transfer

Magistrate Judge Freeman properly concluded that Keitt's remaining claims arising at Elmira, which are not dismissed by this Court, should be transferred to the Western District of New York. Proper venue lies in the district where Keitt was incarcerated. The totality of the circumstances strongly favors transfer of all of the claims not dismissed by this Court "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. §1404(a).

## VII.    Keitt's Motion to Amend

Magistrate Judge Freeman properly concluded that Keitt's request for leave to amend his complaint with respect to the City Defendants be denied, with prejudice. All of Keitt's claims

against the City Defendants are time-barred and thus an amendment with respect to these claims would be futile. See, e.g., Lucente v. Int'l Bus. Machines Corp., 310 F. 3d 243, 258 (2d Cir. 2002). Magistrate Judge Freeman also properly determined that Keitt's request for leave to amend his complaint with respect to the State Defendants be denied without prejudice to renew, upon transfer of this action to the Western District of New York. Because this Court is granting the State Defendants' motion to transfer the remaining claims to the Western District of New York, it would serve the interests of judicial economy to allow the court in that District to consider the viability of any proposed new claims.

### Conclusion

This Court adopts the Report and Recommendation in its entirety. The City Defendants' motion to dismiss is GRANTED in its entirety. The State Defendants' motion to dismiss is GRANTED IN PART, AND DENIED IN PART, consistent with this opinion. The State Defendants' motion to sever is DENIED as moot. The State Defendants' motion to transfer to the Western District of New York is GRANTED. Keitt's motion for leave to amend is DENIED without prejudice to renew in the Western District of New York.


Dated: New York, New York
       September 29, 2011

                                        SO ORDERED:

                                        _George B. Daniels_
                                        GEORGE B. DANIELS
                                        United States District Judge

10