UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEVIN KEITT,

Plaintiff,

v.

DECISION AND ORDER
11-CV–0855

NYS DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, et al.,

Defendants.

---

The instant case, involving various civil rights claims by *pro se* plaintiff arising from his incarceration at Elmira Correctional Facility, was referred to Magistrate Judge Jeremiah J. McCarthy for supervision of all pre-trial proceeding pursuant to 28 U.S.C. §636(b)(1). Defendants moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(c) and plaintiff cross-moved for partial summary judgment. On January 6, 2015, Magistrate Judge McCarthy issued a Report and Recommendation recommending that defendants' motion be granted in part and denied in part, and that plaintiff's cross-motion be denied. Both plaintiff and defendant filed objections to the Report and Recommendation.[1] Responses to the respective objections were filed by plaintiff

---

[1] As noted by defendants, plaintiff's objections were untimely. However, taking into consideration plaintiff's status as a *pro se* litigant, the Court will consider his objections as if they were timely filed.

and defendants, and the Court deemed the matter submitted without oral argument. For the following reasons, and for the reasons set forth in the Report and Recommendation, the Court adopts the Magistrate Judge's recommendation to grant in part and deny in part defendants' motion to dismiss, and to deny plaintiff's motion for partial summary judgment.

**Background and Prior Proceedings**

Plaintiff initially commenced this action in the Southern District of New York. After being granted *in forma pauperis* status, plaintiff filed an Amended Complaint on July 8, 2010. The gravamen of plaintiff's complaint is that he has suffered from dyslexia all of his life and that he was denied accommodation for this condition while incarcerated at the New York State Department of Corrections and Community Supervision ("DOCCS"). While pending in the Southern District of New York, defendants moved for partial dismissal of the complaint, and for transfer of the remaining claims to the Western District of New York. Plaintiff opposed the motion and cross-moved for leave to file a Second Amended Complaint. The Southern District of New York granted defendants' motion to dismiss in part, and transferred, to this District, the remaining claims arising from plaintiff's incarceration at Elmira Correctional Facility.[2]

[2] Plaintiff was also given leave to renew certain claims arising from his incarceration at Attica Correctional Facility. Although plaintiff was given the opportunity to amend the complaint to add these claims, he ultimately decided to proceed only on the Amended Complaint.

The causes of action transferred to this Court included claims pursuant to Sections 1983, 1985 and 1986 of Title 42 of the United States Code, the Americans with Disabilities Act, and the Rehabilitation Act. Following other motions and proceedings before the Magistrate Judge, and a text order by Magistrate Judge McCarthy which clarified the identity of defendants, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c).[3] Defendants argue, primarily, that all of plaintiff's claims are barred by the doctrine of collateral estoppel. Defendants point to the fact that approximately four months after the instant case was filed, plaintiff commenced a similar action in the Northern District of New York, *Keitt v. Annetts, et al.*, 10-cv-157. There, the Northern District of New York granted defendants' motion for summary judgment on the basis that a rational factfinder would not find that plaintiff's alleged dyslexia was an impairment substantially limiting a major life activity. Defendants now argue that, in light of the Northern District of New York's finding that plaintiff was not disabled as a result of his dyslexia, plaintiff is collaterally estopped from litigating, in this action, that he suffers from dyslexia. Because all of plaintiff's claims are based upon failure to accommodate his dyslexia, such a finding would

---

[3] Shortly after the instant case was transferred to this District, Magistrate Judge McCarthy appointed attorney James Greco to represent plaintiff. The Magistrate Judge later granted Greco's motion to withdraw as counsel. (Dkt. 111) Magistrate Judge McCarthy also denied a motion by defendants to dismiss the amended complaint for failure to prosecute, which decision was adopted by this Court. (Dkt. Nos. 115 and 117).

serve as a bar to plaintiff's entire action. In the alternative, defendants argue that plaintiff's claims are facially insufficient and must be dismissed pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff then cross-moved for partial summary judgment.

**Report and Recommendation**

The Magistrate Judge notes that plaintiff does not identify which claims he seeks summary judgment on but instead focuses on opposing defendants' motion to dismiss. Magistrate Judge McCarthy recommends dismissal of plaintiff's cross-motion for partial summary judgment, and treats the "motion" as plaintiff's response to defendants' motion to dismiss.[4]

With respect to defendants' motion to dismiss, Magistrate Judge McCarthy finds that plaintiff is not collaterally estopped from bringing the instant action because plaintiff did not have a full and fair opportunity to litigate his claim of dyslexia before the Northern District of New York. The Magistrate Judge then proceeds to analyze the sufficiency of the allegations contained in the Amended Complaint, and recommends the following: (1) dismissal of all claims pursuant to Sections 1985 and 1986; (2) dismissal of all Section 1983 claims involving Fifth and Eighth Amendment violations; (3) dismissal of claims involving denial of

[4] "To accept the report and recommendation of a magistrate, to which no objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Torres v. New York*, 976 F. Supp. 249 (SDNY 1997). The Court adopts the Magistrate Judge's recommendation to dismiss plaintiff's partial motion for summary judgment.

access to the courts in violation of the First Amendment; (4) dismissal of retaliation claims in violation of the First Amendment against defendant Reynolds; (5) denial of Fourteenth Amendment due process claims arising from plaintiff's May 2010 disciplinary hearing; (6) dismissal of Fourteenth Amendment due process claim against defendant Livermore arising from alleged violations of New York Correction Law §136; (7) dismissal of Fourteenth Amendment Equal Protection Claims; (8) dismissal of all claims against New York State and the individual defendants in their official capacities under the Americans with Disabilities Act and Rehabilitation Act; and (9) dismissal of plaintiff's reasonable accommodation claim arising from the alleged denial of access to courts. Magistrate Judge McCarthy recommends that defendants' motion to dismiss be denied in all other respects.

**Plaintiff's Objections**

Plaintiff appears to object to Magistrate Judge McCarthy's Report and Recommendation in so far as it recommends dismissal of plaintiff's claims alleging denial of access to the courts. Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those dispositive portions of the Report and Recommendation to which objections have been made.

Plaintiff alleges that defendants' failure to accommodate his dyslexia resulted in a denial of his access to the courts. The Magistrate Judge found that plaintiff's access to court claims failed because plaintiff did not identify any

specific lawsuit or claim which was hindered or compromised by defendants' conduct. In his objections, plaintiff points to a number of his prior lawsuits and argues that defendants' failure to provide him adequate assistance in making legal claims resulted in his inability to perfect a number of appeals. However, as noted by defendants, plaintiff was not incarcerated at Elmira Correctional Facility at the time these decisions were rendered, and therefore none of the defendants named herein could have denied plaintiff the opportunity to appeal those decisions.

For these reasons, and for the reasons set forth by Magistrate Judge McCarthy in his Report and Recommendation, the Court adopts the recommendation to dismiss plaintiff's reasonable accommodation and First Amendment claims arising from the alleged denial of access to courts.

**Defendants' Objections**

Defendants object to the Magistrate Judge's finding that plaintiff's claims are not barred by collateral estoppel. Defendants argue that the Magistrate Judge erroneously found that since there was an issue of fact as to whether plaintiff was denied access to a report supporting his diagnosis of dyslexia, plaintiff is not collaterally estopped from relitigating his claim that defendants failed to accommodate his dyslexia.

"Collateral estoppel...means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be

litigated between the same parties in any future lawsuit." *Leather v. Ten Eyck*, 180 F.3d 420, 424 (2d. Cir. 1999) As correctly stated by the Magistrate Judge, collateral estoppel or issue preclusion applies where: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Uzdavines v. Weeks Marine, Inc*., 418 F.3d 138, 146 (2d. Cir. 2005). The Second Circuit has noted that "the party seeking the benefit of collateral estoppel bears the burden of proving the identity of the issues, while the party challenging its application bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues." *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d. Cir. 1991).

At issue here is whether plaintiff had a full and fair opportunity to litigate his claim that he suffers from dyslexia.[5] Plaintiff contends that he was denied documentary evidence supporting a finding that he is dyslexic, specifically, a psychological report prepared by Dr. John E. Jannes when plaintiff was 13 years old which indicates that plaintiff suffers from cognitive deficits attributable to a developmental reading disorder. Plaintiff claims that although he knew this

[5] The other elements supporting a finding of collateral estoppel are not in dispute.

record was in his mental health folder since 2011, he was only recently able to obtain the report from DOCCS and that it was not available to him during the Northern District of New York litigation. Defendants argue that it cannot be said that plaintiff was denied a full and fair opportunity to litigate the issue of his alleged impairment, since plaintiff was aware of the report during the prior lawsuit and failed to request it.

The Supreme Court has indicated that "full and fair" includes the question of whether the party against whom collateral estoppel has sought "was deprived of crucial evidence or witnesses in the first litigation." *Blonder-Tongue Labs., Inc. v. University of Ill. Found*, 402 U.S. 313, 334 (1971). Also significantly, collateral estoppel is an equitable doctrine rather than an absolute right. *PenneCom B.V. v. Merrill Lynch & Co.*, 372 F.3d 488, 493 (2d. Cir. 2004); *Montana v. United States*, 440 U.S. 147, 163-64 ("In the context of collateral estoppel, preclusive effect may be refused when there is a compelling showing of unfairness or inadequacy in the prior litigation.")

Plaintiff avers, and the record reflects, that he filed a motion in the prior Northern District of New York lawsuit for "release of mental health records pertaining to all educational records from a educational psychologist." It appears that motion was denied by the Magistrate Judge in the case because "plaintiff [had] not served defendant with any discovery demands, and that defendants [had] complied with the obligations of the pretrial order." The record does not

reflect what other attempts, if any, plaintiff made to obtain the report. In opposition to the motion to dismiss, plaintiff submits a declaration from his father stating that he is in the process of obtaining his son's "evaluation report" from Dr. Jannes.

Defendants strongly argue that plaintiff did indeed have a "full and fair" opportunity to litigate the issue of his dyslexia, given the facts that the prior lawsuit lasted three years, a full opportunity was provided for discovery, and plaintiff never properly served discovery requests. While it may be the case that plaintiff was given a full and fair opportunity to litigate the issue of his dyslexia, such a finding cannot be made at this stage of the litigation. As recognized by Magistrate Judge McCarthy, there appears to be a number of issues of fact with respect to the discovery conducted in the prior proceeding including whether plaintiff had access to the report, whether it was properly requested by plaintiff and, if so, whether plaintiff's requests were properly denied by defendants.

It is quite possible that any failure to obtain the report was the fault of plaintiff's and as a result he is collaterally estopped from relitigating this issue. However, in light of plaintiff's *pro se* status and the Court's obligation to consider all of plaintiff's factual allegations as true and draw all reasonable inferences in plaintiff's favor, dismissal is not appropriate. Indeed, the Northern District of New York's consideration of plaintiff's *pro se* status as well as plaintiff's ability and efforts to procure discovery, both of which involve disputed issues of fact, may

likely be relevant to whether plaintiff has a full and fair opportunity to litigate his prior claim. *See Cruz v. Root*, 932 F. Supp. 66 69 (WDNY 1996) ("A plaintiff's status as a *pro se* litigant does not, by itself, preclude barring a claim under the doctrine of collateral estoppel, but it is relevant to a determination of the fairness of his prior opportunity to be heard."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d. Cir. 2006) (a *pro se* plaintiff is entitled to a liberal reading of their complaint and courts are to interpret them "to raise the strongest arguments they suggest").

For these reasons, and for the reasons stated in Magistrate Judge McCarthy's Report and Recommendation, defendants' motion to dismiss on the basis of collateral estoppel is denied. Defendants are not prohibited, however, from continuing to raise this defense during the course of the litigation.

**Conclusion**

The Court adopts the Magistrate Judge's findings in their entirety.[6] Plaintiff's cross-motion for summary judgment is denied, and defendants' motion to dismiss is granted in part and denied in part as set forth in detail in the Report and Recommendation.

The matter is referred back to Magistrate Judge McCarthy for further

---

[6] Defendants do not object to the Magistrate Judge's findings as to the facial sufficiency of plaintiff's claims. The Magistrate Judge's findings in this regard were neither clearly erroneous nor contrary to law, and therefore are adopted in their entirety.

proceedings.

SO ORDERED.

*Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: May 19, 2015