UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEVIN KEITT,

        Plaintiff,

  -vs-

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,
*et al.*,

        Defendants.

**11-CV-855-MAT**
**DECISION AND ORDER**

## I. Introduction

*Pro se* plaintiff Devin Keitt ("plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Services ("DOCCS") alleges that while incarcerated at the Elmira Correctional Facility ("Elmira") between October 2009 and July 2010, he was not accommodated as required by the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act (the "RA"), and that he was denied due process and was retaliated against. On January 4, 2017, United States Magistrate Judge Michael J. Roemer issued a Report and Recommendation ("R&R") (Docket No. 185) recommending that the remaining defendants' summary judgment motion (Docket No. 154) be granted and the amended complaint be dismissed.

For the reason discussed below, the Court finds no error in Judge Roemer's R&R, and therefore adopts it in its entirety.

## II. Discussion

### A. Standard of Review

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When only general objections are made to a magistrate judge's report and recommendation, the district judge reviews it for clear error or manifest injustice. *E.g., Brown v. Peters*, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999). After conducting the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Here, the Court has conducted a thorough review of the record, the R&R, plaintiff's objections, and the relevant legal authority and finds no clear error or manifest injustice.

### B. Plaintiff's Objections

Plaintiff objects to Judge Roemer's conclusions in the R&R that: (1) plaintiff failed to exhaust his administrative remedies; (2) plaintiff is collaterally estopped from claiming his dyslexia is a disability as defined in the ADA and the RA; (3) no reasonable fact-finder could conclude that plaintiff's dyslexia is a disability as defined in the ADA and the RA; (4) no reasonable

juror could conclude that plaintiff was provided with no education at all or an education that was wholly unsuited to the goals of socialization and rehabilitation; and (5) plaintiff has failed to produce evidence supporting a retaliation claim against defendants D. Fusco ("Fusco"), Brian Fischer ("Fischer"), and Mark Bradt ("Bradt"). Because plaintiff's objections merely reiterate the arguments that were fully briefed in his original motion papers, the Court reviews the R&R for clear error.

  **C. Plaintiff Failed to Exhaust his Administrative Remedies**

Judge Roemer correctly found that all of plaintiff's claims were subject to dismissal because plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (the "PLRA"). Pursuant to the PLRA, an inmate may not commence an action in federal court unless he has fully exhausted his available administrative remedies. As Judge Roemer set forth in the R&R, plaintiff failed to exhaust before filing this action. Moreover, it is well-established that "[s]ubsequent exhaustion after suit is filed . . . is insufficient." *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001). The Court therefore finds no error in Judge Roemer's conclusion that plaintiff's claims are barred by the exhaustion requirement of the PLRA.

  **D. Plaintiff Cannot Establish a Disability**

With respect to plaintiff's claims under the ADA and the RA, Judge Roemer concluded that summary judgment was appropriate

because (1) plaintiff is collaterally estopped from arguing that his dyslexia constitutes a disability within the meaning of the ADA and RA and (2) no reasonable fact-finder could conclude that plaintiff is disabled. Again, the Court finds no error in these conclusions.

As discussed in detail in the R&R, in an action entitled *Keith v. Annetts*, No. 10-CV-157, the United States District Court for the Northern District of New York determined as a matter of law that plaintiff's dyslexia is not a disability as that term is defined in the ADA. Plaintiff appealed that determination to the Second Circuit, which dismissed the appeal as lacking an arguable basis in law or fact. Plaintiff has failed to adduce any evidence showing that he was denied a full and fair opportunity to litigate this issue, and he is therefore estopped from reopening it before this Court. Moreover, and as Judge Roemer set forth in the R&R, even were plaintiff not estopped, he has produced no evidence from which a fact-finder could conclude that his dyslexia substantially limits any of his major life activities. The record demonstrates that plaintiff is able to read proficiently. Judge Roemer did not err in concluding that, on this record, no reasonable juror could determine that plaintiff suffered from a disability as that term is defined in the ADA and the RA.

**E. Plaintiff's Section 1983 Claims are Subject to Dismissal**

Finally, the Court finds no error in Judge Roemer's determination that defendants are entitled to summary judgment on plaintiff's Section 1983 claims. With respect to plaintiff's due process claim, this claim can survive only if plaintiff was provided with "no education at all or education that was wholly unsuited to the goals of . . . socialization and rehabilitation." *Clarkson v. Coughlin*, 898 F. Supp. 1019, 1041 (S.D.N.Y. 1995). In this case, the record shows that Elmira provided plaintiff with a one-on-one tutor and a teaching assistant, and that plaintiff was offered and refused a peer tutor. Additionally, it was plaintiff who dropped out of both the classroom and cell study programs. The Court agrees with Judge Roemer that under these circumstances, no reasonable juror could find that plaintiff was deprived of due process with respect to provision of an education.

Regarding plaintiff's First Amendment retaliation claims, Judge Roemer found that Fusco's alleged threat to issue plaintiff a misbehavior report for failing to complete his school work did not constitute an adverse action and that neither Fischer nor Bradt was personally involved in any alleged retaliation. Again, the Court finds no error in these conclusions. A verbal threat that was never acted upon cannot form the basis for a retaliation claim, and Fischer and Bradt may not be held liable for retaliation based solely on their positions of authority.

Having considered plaintiff's objections, and for the reasons set forth above, this Court finds no clear error or manifest injustice in Judge Roemer's findings, as a whole, and adopts the R&R in its entirety.

### III. Conclusion

For the reasons set forth in Judge Roemer's thorough and well-reasoned R&R, the undersigned adopts all of his conclusions. The R&R (Docket No. 185) is hereby adopted in its entirety, and defendants' summary judgment motion (Docket No. 154) is granted. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          **S/Michael A. Telesca**

                                      _____
                                        MICHAEL A. TELESCA
                                  United States District Judge

Dated:    May 5, 2017
           Rochester, New York